Opinion of ttie Court, 1>3’
Cu. J. Bovr.E.
THIS was an action by petition, on a note bearing, date the 20th of May 1820, for the payment of four hundred and sixty-four dollars on demand. Judgment was taken bydefault, and a writ of inquiry awarded. The jury found one cent in damages, and final judgment was thereupon entered for the debt, with interest from the date of the note until paid, together with the damages assessed by the jury,and-costs. To that judgment the defendant in the circuit court prosecutes this writ of error.
The judgment is clearly erroneous, in being entered for interest from the date of the note. The debt being payablo on demand, Interest could not commence running, until a demand was made. This has been, for many years, tile established rule of decision in this court, from which we do not conceive ourselves now oj liberty to depart.
The commencement of the suit is, however, a demand.ainl from that date the debt ought to bear inter-cst; and the court might, without the intervention jury, have directed the judgment to be entered f°r in_ Merest, accordingly.
But it is contended, that as a jury was sworn to en-quire of damages, and have found one cent, the judgment could only be entered for the damages so found by the jury, without interest. Such, no doubt, would *210 be the correct doctrine, where the action is founded upon a note given in a sisierstate ora foreign country; for, in that case; it is matter of fact, and not of law, what interest the debt , should bear, and of course the intervention óf a jury is necessary to ascertain the faoti
Whore the <!ebt bears interest as matter of law, & thcjurysworn to enquire of damages, assess less tbán the sum allowed bylawj the court ought to disregard the verdict and give judgment for interest according to the law of the case.
Monroe, for plaintiff; Swigerl; for defendant;
But on a note given, hs in the present case, in this state, thé debt, 'as matter of Jaw, hears interest frohd the time the principal is payable, find the intervention bf a jury is unnecessary and superfluous..
In such case,, therefore, where the damages found by the jury are less tb'án thé interest allowed by law; the court ought to disregard thé finding of the jury, and direct judgment to be entered for interest according to the law of the case.
The judgment reversed with costs; and thé causé remanded, for judgment to be entered for interest from the commencemefif of the Suit, instead of from the daté óf the note.